# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-30803

———————

MICHAEL WARDLAW

Petitioner - Appellant

v.

BURL CAIN, Warden, Louisiana State
Penitentiary

Respondent - Appellee

———————

Appeal from the United States District Court
for the Middle District of Louisiana

———————

Before GARZA and DENNIS, Circuit Judges, and MILLS,[*] District Judge.

PER CURIAM:

Appellant Michael Wardlaw, Louisiana State prisoner # 190808, appeals from the district court's order dismissing his petition for a writ of habeas corpus as untimely under the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254 ("AEDPA"). Although Wardlaw raises several arguments in his brief, including an argument that the limitations period should be equitably tolled, we granted a certificate of appealability ("COA") on only one issue: whether Wardlaw's state petition for postconviction relief was "properly filed" such that it tolled the limitations period

———————————————

[*] Chief Judge of the Northern District of Mississippi, sitting by designation.

as provided in 28 U.S.C. § 2244(d)(2). In granting a COA, we directed the parties to "address the continued applicability of Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000), in light of Pace v. DiGuglielmo, 544 U.S. 408, 414-18, 125 S.Ct. 1807 (2005)." The parties did, and we conclude that Pace abrogated Ward. Applying Pace, we hold that Wardlaw's § 2254 petition is untimely.

I

In August 1995, a Louisiana jury convicted Wardlaw of second degree murder for killing his mother. In connection with that offense, Wardlaw also pleaded guilty to extortion. The court imposed consecutive sentences: fifteen years at hard labor for extortion and life at hard labor without benefit of parole for murder. In June 1997, Wardlaw's conviction was affirmed by the Louisiana Court of Appeal, State v. Wardlaw, 709 So. 2d 1084 (La. Ct. App. 1997). Wardlaw did not petition for a writ. In November 2002, Wardlaw did file a motion for postconviction relief with the state trial court, alleging, inter alia, that he had obtained newly-discovered exculpatory evidence which prosecutors had failed to disclose to him, in contravention of Brady v. Maryland, 373 U.S. 83 (1960). The trial court denied his motion as untimely in July 2003. Wardlaw then petitioned for writs from the First Circuit Court of Appeals and the Louisiana Supreme Court, which denied these writs in December 2003, and March 2005, respectively. See State v. Wardlaw, 896 So. 2d 992 (La. 2005).

In July 2005, Wardlaw filed the instant § 2254 petition in the U.S. District Court for the Middle District of Louisiana, challenging only his murder conviction. With respect to the timeliness of his § 2254 petition, Wardlaw argued, inter alia, 1) that his habeas petition was timely filed under Ward because he filed it within one year of the date on which the Louisiana Supreme Court denied a writ and 2) that AEDPA's one-year limitations period was

equitably tolled based upon Brady violations which concealed exculpatory evidence from him.

The district court adopted the report and recommendation of the magistrate judge rejecting both of Wardlaw's timeliness arguments. As to the first argument, the district court, while not specifically mentioning Ward, held that the Supreme Court's subsequent decision in Pace was controlling instead. Specifically, the court held:

> [W]hat Wardlaw fails to recognize is that the time period for filing a habeas petition under 28 U.S.C. §2244(d) is only tolled by a "properly filed" application for postconviction relief, and when a postconviction application has been rejected by a state court as untimely-filed under state law, the application is not considered "properly filed" for purposes of §2244(d).

The district court observed that the Louisiana state trial and appellate courts had each rejected Wardlaw's postconviction petition as untimely. The district court concluded that because Wardlaw's state postconviction petition was untimely, his federal habeas petition was likewise untimely under Pace.[1]

II

The sole issue in this case is whether the district court correctly concluded that Wardlaw's state postconviction petition was not "properly filed" within the meaning of 28 U.S.C. §2244(d) and therefore that AEDPA's one-year limitations period was not tolled in this case. In Ward, we held that a state habeas petition may be "properly filed," even if eventually dismissed in state court as untimely, when the state statute governing timeliness contains certain exceptions which require some level of judicial review. Relying upon our analysis of a similar

---

[1] As to the second argument raised by Wardlaw, the district court concluded that the doctrine of equitable tolling did not apply based on newly discovered evidence, but this issue is not before us.

Texas statute in Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), we found in Ward that the Louisiana statute at issue did provide for such judicial review of timeliness:

> Under article 930.8A, Louisiana courts will accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to untimely filing are applicable. If the untimely application does not fit within an exception, the state court will dismiss it. . . . Because the procedure established by article 930.8A is virtually identical to that under TEX. CODE CRIM. P. art. 11.07, § 4, we conclude that, consistent with Villegas, Smith's state application, although ultimately determined by the state court to be time-barred, nevertheless was "properly filed" within the meaning of § 2244(d)(2).

Ward, 209 F.3d at 385. In this case, the Louisiana trial and appellate courts applied the same statute - LA. CODE CRIM. P. ANN. art. 930.8(A) - at issue in Ward in concluding that Wardlaw had failed to timely file his postconviction petition. Accordingly, Ward is directly on point in this case. The question, however, is whether Ward remains good law.

In reaching its decision, the district court implicitly found that Pace superseded Ward. The district court did not err in this regard. Even before Pace, Carey v. Saffold, 536 U.S. 214, 224-26 (2002), suggested that Ward did not interpret §2244(d)(2) correctly. The issue in Saffold was whether a petition for collateral relief filed in the Supreme Court of California was "properly filed" under California's system of collateral review. Id. Although the Supreme Court remanded Saffold for additional findings, it observed that "[i]f the California Supreme Court had clearly ruled that Saffold's 4 1/2-month delay was 'unreasonable,'" thus indicating that the petition was untimely under state law, then "that would be the end of the matter, regardless of whether it also

addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." Id.

The Supreme Court in Saffold thus suggested that an application for collateral review in state court must satisfy the state's timeliness requirements to be "properly filed" under § 2244(d)(2). Indeed, at least one federal appellate court interpreted Saffold as indicating that various decisions from its sister circuits, including our decision in Ward, had been "wrongly decided" to the "extent they hold that petitions untimely under state rules nonetheless may be deemed 'properly filed.'" Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002) (citing Ward, 209 F.3d at 383; Nara v. Frank, 264 F.3d 310 (3d Cir. 2001); Emerson v. Johnson, 243 F.3d 931 (5th Cir. 2001); Dictado v. Ducharme, 244 F.3d 724 (9th Cir. 2001)). The aforementioned language in Saffold, however, was not the Court's holding.

It was only later that the Supreme Court held that "[w]hat we intimated in Saffold we now hold: When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414. In Pace, the Supreme Court expanded upon a distinction which it previously had made in Artuz v. Bennett, 531 U.S. 4 (2000), between postconviction petitions rejected on the basis of "filing conditions," which are deemed to be not "properly filed" under § 2244(d)(2), and petitions rejected on the basis of "procedural bars [that] go to the ability to obtain relief," which are deemed to be "properly filed." Id. at 417 (citing Artuz, 531 U.S. at 10-11). The Supreme Court in Pace held that "time limits, no matter their form, are 'filing'

5

conditions," and that a state postconviction petition is therefore not "properly filed" if it was rejected by the state court as untimely.[2]   Id.

The Pennsylvania statute of limitations at issue in Pace, like the Louisiana statute here, contained certain exceptions whereby a late postconviction filing might be excused, including an exception for cases where "new facts arise that could not have been discovered through due diligence." Id. at 411, n. 1, citing 42 PA. CONS. STAT. §§ 9545(b)(1)(i)-(iii).  This exception is similar to the provision in Art. 930.8(A)(1) for late filings where "[t]he application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney."  Wardlaw relies upon this exception here, and both the Pennsylvania and Louisiana statutes seem to require courts to "accept a prisoner's application for filing and review it to determine whether any of the statutory exceptions to untimely filing are applicable" within the meaning of Ward.  Id. at 384.  That the Supreme Court in Pace nevertheless found a  state postconviction petition not to be "properly filed" if rejected by a state court as untimely leaves little, if any, basis for distinguishing Ward from Pace.  We therefore acknowledge that Ward was

---

[2] The Supreme Court in Pace apparently sought to alleviate the harshness of its holding by noting the availability of two protections to PCR petitioners concerned about whether their state court filings would be deemed timely.  First, the Supreme Court suggested that petitioners could "fil[e] a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace, 544 U.S. at 416.  Second, the Supreme Court in Pace "assumed without deciding" that petitioners could argue in favor of equitable tolling for the time during which an untimely PCR petition was pending in state court.  Id. at 418, n. 8.  These protections are unavailing for Wardlaw because he failed to file a "protective" petition for habeas relief and because the district court specifically rejected his argument that equitable tolling applied in this case.

abrogated by Pace, and the district court correctly relied upon Pace as controlling in this case.

Wardlaw does not dispute that Pace abrogated Ward, but he argues that Pace cannot be applied retroactively to this case. In reality, Pace was decided on April 27, 2005, and Wardlaw filed his § 2254 petition on July 8, 2005. Pace was thus controlling when Wardlaw filed for federal habeas relief. Moreover, the Supreme Court had given strong indications in Artuz and Saffold that Pace's interpretation of § 2244(d)(2) was correct, and the Seventh Circuit interpreted Saffold as abrogating Ward in its August 2002 decision in Brooks. Therefore, the continued applicability of Ward was doubtful even when Wardlaw filed his state court petition for postconviction relief in November 2002. Wardlaw's retroactivity arguments therefore lack merit.

Likewise without merit is Wardlaw's argument that Pace does not apply to his Brady claims. Wardlaw is only able to cite Justice Stevens' dissenting opinion in Pace in support of this proposition, but the Pace majority gave no indication that its holding was so limited. Indeed, federal courts have not hesitated to apply Pace to Brady claims found to be untimely under state law, see e.g. Rinaldi v. Gillis, 248 Fed. Appx. 371, 379 (3d Cir. Sept. 19, 2007); Parmley v. Norris, No. 06-6059, 2007 WL 1381620 at *3 (W.D. Ark. May 9, 2007); Jones v. Ortiz, No. 05-5088, 2007 WL 700878 at *9 (D. N.J. Feb. 28, 2007). Of course, the same facts supporting a Brady claim might also support the application of the doctrine of equitable tolling. See, e.g. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (observing that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

rights.") To reiterate, however, the district court held that equitable tolling did not apply under the facts here, and we did not grant a COA on this issue.

In light of our conclusion that the statute of limitations was not tolled pursuant to § 2244(d)(2), we need not consider Wardlaw's argument that AEDPA's limitations period did not begin to run until 2002, when Wardlaw asserts that he discovered the facts upon which he bases his Brady claims. The district court found that the statute began running when Wardlaw's conviction became final in July 1997, but, even assuming that Wardlaw's position is correct, his July 2005 federal habeas petition still would not be timely, barring tolling under § 2244(d)(2).

Wardlaw has also filed a motion requesting the appointment of counsel. No constitutional right to counsel exists in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). A habeas petitioner should be appointed counsel when "the interests of justice so require." Schwander v. Blackburn, 750 F.2d 494, 502 (5th Cir. 1985). The issue before the court is not particularly complex, and Wardlaw has briefed it adequately. We therefore deny his motion.

In light of the foregoing, we agree with the district court that Wardlaw's state postconviction petition was not "properly filed" for purposes of §2244(d)(2). We therefore AFFIRM the district court's order dismissing Wardlaw's § 2254 petition as untimely.

AFFIRMED.