# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 20, 2010

Lyle W. Cayce
Clerk

No. 08-70021

MILTON WUZAEL MATHIS,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

In April 2007, pursuant to 28 U.S.C. § 2244(b)(3), this court permitted petitioner-appellant Milton Wunzael Mathis to file a successive federal habeas application asserting a claim based upon *Atkins v. Virginia*, 536 U.S. 304 (2002), the Supreme Court case barring the execution of mentally retarded persons. The district court dismissed Mathis's successive federal habeas application on the grounds that: (1) Mathis failed to meet the requirements of 28 U.S.C. § 2244(b)(2); and (2) his petition was untimely and not entitled to equitable tolling.

No. 08-70021

Because we find that Mathis's successive petition does not meet § 2244(b)(2)'s requirements, we AFFIRM.

## I. BACKGROUND

In 1999, Mathis was convicted of capital murder and sentenced to death for the murders of Travis Brown and Daniel Hibbard.[1]  The Texas Court of Criminal Appeals affirmed Mathis's conviction and sentence on direct appeal (which ran concurrent to his state habeas application) in February 2002. *Mathis v. State*, 67 S.W.3d 918 (Tex. Crim. App. 2002).  On April 3, 2002, it adopted the trial court's findings of fact and conclusions of law and denied Mathis's first state habeas application.

*Atkins* was decided on June 20, 2002.  On April 3, 2003, Mathis filed his first federal habeas application pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  In his federal habeas application, Mathis noted that he intended to file a successive state application alleging an *Atkins* violation but did not include the *Atkins* claim in his federal petition because it was not exhausted in state court as required under AEDPA. The federal petition was denied on the merits on February 2, 2004.

While his federal petition was pending, Mathis filed his second state habeas application, raising his *Atkins* claim for the first time, on June 20, 2003. On March 3, 2004, Mathis's second state habeas application was dismissed without prejudice because he had not shown that the federal court had stayed its proceedings as required by *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004).[2]

---

[1] The facts of the crime are described in one of our earlier opinions in this case.  *In re Mathis*, 483 F.3d 395, 396 (5th Cir. 2007).

[2] *Ex parte Soffar* permits Texas courts to consider a subsequent state habeas application "if the federal court with jurisdiction over a parallel writ enters an order staying

2

No. 08-70021

On February 17, 2004, Mathis submitted a "Motion for New Trial and for Abatement" in federal court, seeking reconsideration of his claims and asking the court to abate its decision pending completion of the proceedings for his second state habeas application. On March 9, 2004, the federal district court denied Mathis's motion. On March 19, 2004, Mathis moved for reconsideration of the March 9 order.[3] The district court denied the motion on April 6, 2004, but, noting its desire to "preserve Mathis's ability to seek appellate review," construed his motion for reconsideration as a motion for an extension of time to file a notice of appeal. Mathis filed a notice of appeal in this court on April 8, 2004.

In August 2004, Mathis sought a COA and filed a motion to stay the proceedings to allow him to return to state court to raise his *Atkins* claim. While the request for COA and the motion to stay were pending before this court, the state court entered an order setting Mathis's execution for April 20, 2005. Mathis filed in this court a motion to stay the execution. This court denied the request for COA, the motion to stay the proceedings, and the motion to stay the execution on March 11, 2005. *Mathis v. Dretke*, 124 F. App'x 865, No. 04-70015, 2005 WL 580234 (5th Cir.) (unpublished), *cert. denied*, 545 U.S. 1131 (2005).

Mathis then filed his third state application for habeas relief, again raising his *Atkins* claim, and moved for stay of execution on April 15, 2005. The stay was granted on April 19, 2005, and the case was remanded to the state trial court for consideration of the *Atkins* claim. The state trial court held an

---

its proceeding to allow the habeas applicant to pursue his unexhausted claims in Texas state court." 143 S.W.3d at 804. Before *Soffar*, Texas courts routinely dismissed subsequent state habeas applications if a federal petition was pending simultaneously, even if the federal court stayed its proceedings. *See Ex parte Powers*, 487 S.W.2d 101 (Tex. Crim. App. 1972).

[3] On March 23, 2004, Mathis also filed a motion for reconsideration in the Texas Court of Criminal Appeals, asking the court to reinstate his second state habeas application (which included his *Atkins* claim). The Texas Court of Criminal Appeals denied the motion on April 21, 2004.

No. 08-70021

evidentiary hearing in September 2005, and in January 2006 it recommended that Mathis be denied habeas relief. The Texas Court of Criminal Appeals adopted the trial court's findings and conclusions and denied relief on September 20, 2006. *Ex parte Mathis*, No. WR-50772-03, 2006 WL 2706745 (Tex. Crim. App. Sept. 20, 2006).

On September 29, 2006, Mathis filed a motion in this court for authorization to file a successive habeas application pursuant to 28 U.S.C. § 2244(b)(3),[4] which was granted on April 2, 2007. *In re Mathis*, 483 F.3d 395 (5th Cir. 2007). Mathis filed his second federal application for habeas relief on April 4, 2007. Respondent filed a motion to dismiss the petition as time-barred or, in the alternative, a motion for summary judgment on the grounds that Mathis's *Atkins* claim failed on the merits.

On March 31, 2008, the district court dismissed Mathis's petition, holding that because he had not shown that his successive federal habeas application satisfied 28 U.S.C. § 2244(b)(2), the court had no jurisdiction to consider the application. Alternatively, the court held that Mathis had not complied with the AEDPA's one-year limitations period in filing his claim, and no basis for equitable tolling of the limitations period exists. The district court granted a COA. Mathis timely appealed.

## II. SUCCESSIVE PETITIONS UNDER 28 U.S.C. § 2244(b)

Mathis first argues that the district court erred when it determined that his *Atkins* claim did not meet the requirements for successive petitions under 28 U.S.C. § 2244(b). The district court's dismissal of a second or successive § 2254

---

[4] The applicable provision reads, in relevant part, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

4

No. 08-70021

petition on the grounds that the motion fails to meet AEDPA's conditions is a legal conclusion we review de novo. *See Butler v. Cain*, 533 F.3d 314, 316 (5th Cir. 2008).

## A.  AEDPA Requirements for Successive Petitions

AEDPA provides that a claim presented in a second or successive habeas corpus application under 28 U.S.C. § 2254 that was not presented in a prior application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)–(B); *Tyler v. Cain*, 533 U.S. 656, 662–63 (2001). Mathis bears the burden of demonstrating that his successive federal habeas application falls within one of the two exceptions and thus should not be dismissed.  *See* 28 U.S.C. § 2244(b)(4); *Moore v. Dretke*, 369 F.3d 844, 846 n.1 (5th Cir. 2004).

## B.  "Previously Unavailable" Rule

Generally, Mathis relies on § 2244(b)(2)(A)—i.e., that the *Atkins* claim raised in his successive federal petition relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[5] There is no dispute that *Atkins* announced a new rule

---

[5] Before the district court, Mathis also asserted that because he is mentally retarded, he is no longer death eligible.  The district court construed this claim as an argument pursuant

5

No. 08-70021

of constitutional law made retroactive to cases on collateral review, *see Morris v. Dretke*, 413 F.3d 484, 486–87 (5th Cir. 2005), or that Mathis's *Atkins* claim was raised for the first time in federal court in the instant successive habeas application. The issue before us is whether Mathis has demonstrated that his *Atkins* claim was "previously unavailable" at the time he filed his first federal habeas application. *See* 28 U.S.C. § 2244(b)(2); *see also In re Salazar*, 443 F.3d 430, 431–32 (5th Cir. 2006) (focusing on whether a claim "was available to [petitioner] when he filed his initial habeas application").

We have not previously considered this issue under the circumstances presented here. In cases before us where the applicant raises an *Atkins* claim for the first time in a successive federal habeas petition, the applicant has typically filed their federal petition *before Atkins* was decided, making the *Atkins* rule "previously unavailable" at the time of their first federal petition. *See, e.g.*, *In re Wilson*, 442 F.3d 872, 876 (5th Cir. 2006); *In re Brown*, 457 F.3d 392, 396 (5th Cir. 2006). Here, it is undisputed that Mathis filed his first federal habeas petition in April 2003, *after Atkins* was decided in June 2002, yet the petition did not include an *Atkins* claim.

Respondent argues that, on these facts, the *Atkins* rule was not "previously unavailable" to Mathis at the time of his first federal habeas petition. At oral argument, counsel for Mathis asserted that no federal court adopts such a "formalistic" interpretation of "previously unavailable" as urged by Respondent. Two sister circuits have partially addressed this issue. *See In re Williams*, 364 F.3d 235, 239 (4th Cir.), *cert. denied*, 543 U.S. 999 (2004) (construing the term "previously" in §§ 2244(b)(2)(A) and 2244(b)(2)(B)(i), and holding that "constitutional rules that were established at the time of the applicant's last

---

to 28 U.S.C. § 2244(b)(2)(B)(ii), regarding facts underlying the claim. On appeal, he argues that his mental retardation should exempt him from AEDPA's strictures altogether or, at least, should toll the statute of limitations.

6

[pre-filing authorization] motion were not 'previously unavailable'"); *Bennett v. United States*, 119 F.3d 470, 472 (7th Cir. 1997) ("You cannot file a successive habeas corpus or section 2255 case on the basis of a claim that is not newly available."). Neither case, however, addressed *Atkins* claims or the particular circumstances raised in this case. We therefore decline to adopt Respondent's argument.

Moreover, Mathis advances two arguments as to why his *Atkins* claim was previously unavailable. First, he argues that had he attempted to exhaust his *Atkins* claim in state court prior to filing his first federal habeas application, he risked forfeiting federal review of his previously exhausted claims because of the AEDPA statute of limitations.[6] Compounding the problem, in his view, is the Texas two-forum rule, which operated to prevent him from exhausting the claim in state court before timely pursuing federal relief. Second, he argues, if he had pursued his *Atkins* claim in a successive state habeas petition, he also risked forfeiting federal review of his exhausted claims because, under the law in effect at the time, it was unclear whether the successive state habeas petition would have tolled AEDPA's statute of limitations as to his exhausted claims. We consider both arguments in turn.

*1. Exhaustion, Statute of Limitations, and the Texas Abstention Doctrine*

Mathis is correct that his *Atkins* claim—in an initial or a successive federal habeas petition—is subject to AEDPA's exhaustion and statute of limitations requirements. *See In re Wilson*, 442 F.3d at 877–78; *Mathis*, 483 F.3d at 399. Under the AEDPA exhaustion doctrine, an applicant for federal habeas relief must first present his claims in state court before raising them in

---

[6] The district court incorrectly stated Mathis's argument as follows: "Petitioner claims that he could not have filed his otherwise available *Atkins* claim in his first petition because he had not yet exhausted it."

7

No. 08-70021

a federal habeas application.  28 U.S.C. § 2254(b)(1)(A).  AEDPA also provides for a one-year limitations period to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1).

Mathis was also subject to Texas's procedural rules regarding co-pending state and federal habeas applications.  Prior to February 11, 2004, the Texas Court of Criminal Appeals dismissed any state habeas application without prejudice if the applicant had a parallel application arising from the same conviction pending in federal court, even if the federal court stayed its own proceeding.  The doctrine was referred to as the abstention doctrine or "two-forum" rule.  *See, e.g.*, *Ex parte Powers*, 487 S.W.2d 101 (Tex. Crim. App. 1972).

In this case, AEDPA's one-year limitations period for Mathis's first federal habeas petition began to run when his first state habeas application was denied on April 3, 2002.  Mathis therefore had until April 3, 2003 to file a federal petition raising any claims exhausted in the state habeas court.  When the Supreme Court decided *Atkins* on June 20, 2002, Mathis had over nine months left in his AEDPA limitations period to file a federal habeas petition for his

exhausted claims, but a full year remaining—until June 20, 2003—to file a federal habeas petition for his *Atkins* claim. *See* 28 U.S.C. § 2244(d)(1)(C); *Rivera v. Quarterman*, 505 F.3d 349, 352 (5th Cir. 2007).

Further, the Texas abstention doctrine was in effect when Mathis filed his first federal petition in April 2003 and his second state application (raising his *Atkins* claim for the first time) in June 2003. Under the doctrine, the second state application was subject to dismissal without reaching the merits of—and therefore exhausting—Mathis's *Atkins* claim because the parallel federal habeas litigation was pending.

The district court listed Mathis's options in light of these procedural requirements:

> First, he could have filed an initial federal petition that included his exhausted claims and an *Atkins* challenge that would surely face problems because of section 2254(b)'s exhaustion requirements. Second, he could have sought relief in state court on his *Atkins* claim while litigating his exhausted claims in federal court, hoping to raise an *Atkins* issue in a successive federal petition. Finally, he could have exhausted his *Atkins* claim and then filed one comprehensive federal petition.

Mathis selected the second option.

Mathis's decision to file his federal habeas petition instead of exhausting his *Atkins* claim in state court is the impetus for his present conundrum. When *Atkins* was decided in June 2002, Mathis's only federal filing was his motion for appointment of counsel. Mathis's argument assumes that, for the purposes of the Texas two-forum rule, federal jurisdiction attached when he filed his first motion for appointment of counsel in April 2002, after his first state habeas petition was denied but before *Atkins* was decided. According to this argument, when the *Atkins* rule became available in June 2002, Mathis would not have

No. 08-70021

been able to exhaust the claim in a successive state petition because, under the Texas two-forum rule, he already had a federal petition pending.

But Texas courts did not apply the two-forum rule to a state habeas petition unless the applicant filed the federal petition *before* seeking state relief. *See Soffar*, 143 S.W.3d at 807 (describing the history of the abstention doctrine, and stating, "[T]his Court has dismissed state habeas corpus writ applications when the applicant also has a writ *pending* in the federal courts that relates to the same conviction or same 'matter.'") (emphasis added). In June 2002, Mathis had not yet filed his federal petition; therefore he did not have "a writ pending in the federal courts." Mathis does not cite any authority to support the proposition that Texas courts considered a federal petition "pending" when the motion for appointment of counsel is filed.[7] In addition, Mathis's counsel, at oral argument, conceded that there is no Texas case in which the Texas Court of Criminal Appeals has dismissed a successive petition under the two-forum rule if the state petition is brought before a federal petition is filed. If Mathis had filed his successive state habeas application to exhaust his *Atkin*s claim without filing a federal petition, he would not have been seeking relief in two forums simultaneously. Accordingly, the two-forum rule would not have prevented him from exhausting his *Atkins* claim in state court.[8]

---

[7] We note the Supreme Court's pre-AEDPA decision in *McFarland v. Scott*, 512 U.S. 849 (1994), in which the Court held that a capital defendant need not file a formal habeas corpus petition in order to establish a district court's jurisdiction to enter a stay of execution. In that case, however, the Court was interpreting 21 U.S.C. § 848(q)(4)(B), which provides for qualified legal representation in federal habeas proceedings, and held that the right to counsel adheres prior to filing of a formal habeas petition. 512 U.S. at 854–57. In contrast, here we examine a very different question under a different legal framework: when, for the purposes of the Texas abstention doctrine, Texas courts deemed a federal petition "pending."

[8] In addition, the two-forum rule was modified on February 11, 2004, when the Texas Court of Criminal Appeals decided to permit consideration of a subsequent state writ "if the federal court having jurisdiction over a parallel writ enters an order staying all of its proceeding for the applicant to return to the appropriate Texas court to exhaust his state remedies." *Soffar*, 143 S.W.3d at 807.

10

We recognize that Mathis faced conflicting choices when deciding whether and how to pursue habeas relief. As the district court correctly noted, "Had [Mathis] filed his *Atkins* claim in his initial [federal] petition, the rule in *Rose v. Lundy*, 455 U.S. 509 (1982), mandated that it was subject to dismissal as a 'mixed petition,' that is, one raising both exhausted and unexhausted claims." Yet we have also said that *Lundy* "would have little meaning if it could be avoided by withholding unexhausted claims." *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003). If Mathis had included his unexhausted *Atkins* claim in his first federal petition, he—and petitioners in like circumstances—had options available: "They may withdraw a mixed petition [i.e., one containing exhausted and unexhausted claims], exhaust the remaining claims, and return to district court with a fully exhausted petition. . . . [I]n such circumstances the later filed petition would not be 'second or successive.'" *Burton v. Stewart*, 549 U.S. 147, 154 (2007) (citing *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000)). In that case, Mathis could have withdrawn his first federal petition and would not have been subject to AEDPA's successive petition requirements when he returned to federal court after exhausting the *Atkins* claim.

Mathis's predicament was further aggravated because he filed his federal petition on the last day of the AEDPA limitations period, failed to attempt to exhaust his *Atkins* claim before doing so, *and* failed to include the claim even though it relied on a constitutional rule in effect for at least nine months before he filed the petition.[9]

---

[9] We note that Congress determined that a one-year limitations period was reasonable for federal habeas petitioners. *See* 141 CONG. REC. S7803–05, S7877 (1995) (approving one-year limitations period to curb abuse of the writ of habeas corpus). In this case, Mathis's decision to file on the last day of the AEDPA limitations period, combined with his failure to attempt exhaustion *and* his failure to include the *Atkins* claim in the federal petition, contributed to his present procedural quagmire.

Accordingly, we hold that Mathis's habeas litigation strategy choice to withhold an *Atkins* claim from the initial federal petition, while simultaneously acting so late as to preclude exploration of other relief, did not make the *Atkins* rule "previously unavailable" to him within the meaning of § 2244(b)(2)(A).

*2. Successive State Habeas Petitions and Statutory Tolling*

In his second argument, Mathis urges that if he had pursued his *Atkins* claim in a successive state habeas petition before filing his first federal habeas petition, he also risked forfeiting federal review of his exhausted claims because the law was not clear at the time of his first federal habeas petition as to whether the AEDPA statute of limitations would have been tolled on his exhausted claims.

Under AEDPA's timeliness requirements, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2). The tolling provision does not state expressly whether the limitations period is tolled as to exhausted claims while a petitioner seeks state habeas relief as to new claims.  Rather, "the express language of section § 2244(d)(2) makes clear that tolling is appropriate, without regard to the nature of the claims in the state pleading, as long as the state application challenged 'the pertinent judgment.'" R. HERTZ & J. LIEBMAN, 1 FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE § 5.2b n.56 (5th ed. 2005).

Mathis urges this court to look to the "unsettled" law in effect in 2002—when *Atkins* was decided—to determine whether his successive state habeas petition would have been deemed "properly filed" within the meaning of § 2244(d)(2) such that the AEDPA statute of limitations would be tolled.  But the cases governing our circuit at the time are not helpful to his argument.  At the time, the law of our circuit included *Villegas v. Johnson*, 184 F.3d 467 (5th Cir.

1999), where we held that a successive state habeas application was "properly filed" under § 2244(d)(2), even though it had been dismissed as an abuse of the writ under Texas law,[10] and therefore tolled the AEDPA limitations period. After Villegas's successive state application was dismissed as an abuse of the writ, he filed a federal habeas application; the state moved to dismiss as time-barred. 184 F.3d at 468. The district court rejected the petitioner's tolling argument, and held that the petition was not "properly filed" within the meaning of § 2244(d)(2). *Id.* We held that "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements." *Id.* at 470. We defined "procedural filing requirements" as "prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review," such as rules governing notice and time, and also "a requirement that the petitioner obtain judicial authorization for the filing." *Id.* at 470 n.2. We also noted that Texas sought to "discourage successive petitions by limiting the availability of relief"—for example, by permitting the filing of a successive petition but then requiring judicial consideration of the application to determine whether sufficient facts were alleged for the court to address the merits of the claims. *Id.* at 472 n.3.

Moreover, soon after *Villegas*, the Supreme Court held that, for the purposes of § 2244(d)(2), "[a]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citing *Villegas*, 184 F.3d at 469–70, *inter alia*). The *Artuz* Court distinguished conditions to pre-filing (for example, time limits or form of the document) from conditions to obtaining relief:

---

[10] During the relevant time period, Article 11.07 of the Texas Code of Criminal Procedure precluded a grant of relief based on a successive petition unless the petitioner demonstrated facts sufficient to fit within a statutory exception allowing relief. TEX. CODE CRIM. PROC. art. 11.07 § 4(a) (West 1999).

"[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* In other words, as a later Court decision noted, "state procedural bars 'prescribing a rule of decision for a court' confronted with certain claims previously adjudicated or not properly presented are not 'filing' conditions." *Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) (citing *Artuz*, 531 U.S. at 10–11).[11]

In this case, Mathis's successive state habeas petition would have been "properly filed" under *Artuz* and *Villegas* even if it had been dismissed as an abuse of the writ under Texas's capital habeas statute. Like the non-capital habeas statute in *Villegas*, the Texas capital habeas statute provided that a court could not consider a subsequent state habeas application unless the application contained specific facts establishing that the claims presented could not have been presented in a previous application because the legal or factual basis was not available at the time of the previous application. TEX. CODE CRIM. PROC. art. 11.071 § 5(a) (West 1999). If the Texas Court of Criminal Appeals had determined that the requirements of section 5(a) were not met, the court would have dismissed the application as an abuse of the writ. *Id.* § 5(c). Under *Artuz*, these provisions are conditions to obtaining relief, not filing conditions. 531 U.S.

---

[11] Mathis argues that *Pace* abrogated *Villegas*, citing *Wardlaw v. Cain*, 541 F.3d 275 (5th Cir. 2008). Although we held in *Wardlaw* that *Pace* had abrogated *Smith v. Ward*, 209 F.3d 383 (5th Cir. 2000), *Pace* did not affect *Villegas*. *See Wardlaw*, 541 F.3d at 279. The cases of *Ward*, *Pace*, and *Wardlaw* involved petitioners whose applications had been dismissed as untimely, and "time limits, no matter their form, are 'filing' conditions." *Pace*, 544 U.S. at 417. But *Pace* only affirmed the "obvious distinction between time limits, which go to the very initiation of a petition . . . and the type of 'rule of decision' procedural bars at issue in *Artuz*, which go to the ability to obtain relief." *Id.* In *Villegas*, 184 F.3d at 473, we held that an application dismissed as an abuse of the writ—a classic "procedural bar"—was nevertheless "properly filed" within the meaning of § 2244(d)(2). That decision is wholly consistent with *Pace*. Because Article 11.071 § 5 is substantially identical to Article 11.07 § 4, *Villegas* controls here.

No. 08-70021

at 10–11. Therefore, Mathis's successive state petition, even if dismissed as an abuse of the writ, would be deemed "properly filed" such that the AEDPA statute of limitations would have tolled while it was pending in state court.[12]  *See id.*

The law of this circuit was sufficiently clear as to whether a successive state petition would have tolled the AEDPA statute of limitations.  Mathis offers no cogent argument to excuse his failure to include his *Atkins* claim in his first federal petition when that claim was available to him for nine months after *Atkins* was decided.  Because the claim was available, we hold that he has not made the requisite showing under § 2244(b)(2)(A).

## III.  TIMELINESS

The district court also held that, assuming Mathis's successive federal petition complied with § 2244(b)(2), the petition did not comply with § 2244(d)(1), AEDPA's one-year limitations period.  We review de novo an order dismissing

---

[12] Mathis appears to argue that there is a statutory time limitation on all habeas applications (initial or successive) under Article 11.071 such that his petition would have not been deemed "properly filed" for AEDPA tolling purposes.  The limits in section 4 of the Texas capital habeas statute do not state whether they are applicable to initial or subsequent habeas applications.  *See* TEX. CODE CRIM. PROC. art. 11.071 § 4(a) (West 1999) ("An application for a writ of habeas corpus . . . must be filed in the convicting court not later than the 180th day" after appointment of counsel or "not later than the 45th day" after the state's original brief is filed on direct appeal, "whichever date is later.").  However, at least one Texas court has held that the time limitations of section 4 are applicable solely to initial petitions.  *See Ex parte Reedy*,  282 S.W.3d 492, 495 n.6 (Tex. Crim. App. 2009) (citing  § 4(e) of article 11.071 for the proposition that "failure to timely file *initial* post-conviction application for writ of habeas corpus constitutes a waiver of all grounds for relief that were available to the applicant before the last date on which an application could be timely filed") (emphasis added, internal quotation marks omitted).  The latter interpretation is reasonable: the initial petition is filed in the convicting court and the time limits are tied to proceedings in the convicting court.  In contrast, capital successive state petitions are returnable to the Texas Court of Criminal Appeals, who decides in the first instance whether the petition meets threshold requirements before it can be considered on the merits by the convicting court.  *See* TEX. CODE CRIM. PROC. art. 11.071 § 5.  Mathis's case clearly plays this out—his third state habeas petition was filed in April 2005, nearly six years after his conviction became final, yet was not dismissed as untimely.  Moreover, the Texas Court of Criminal Appeals held that the petition met the requirements of section 5 because the *Atkins* claim presented therein was not previously available to Mathis when he filed his first state petition.

a habeas petition as time-barred under AEDPA. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

## A. AEDPA Statute of Limitations

First, we examine whether Mathis's successive federal habeas application raising an *Atkins* claim was timely under AEDPA. AEDPA's one-year limitations period for Mathis's federal habeas petition raising an *Atkins* claim began to run on June 20, 2002, when *Atkins* was decided. *See* § 2244(d)(1)(C); *Rivera v. Quarterman*, 505 F.3d 349, 352 (5th Cir. 2007). Mathis therefore had until June 20, 2003 to file a federal habeas petition for his unexhausted *Atkins* claim.

As we noted, Mathis filed his first federal petition on April 3, 2003, without raising his *Atkins* claim. The federal habeas petition did not toll the AEDPA statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

Mathis's successive state petition raising his *Atkins* claim, however, tolled the one-year statute of limitations. § 2244(d)(2). Therefore, the limitations period tolled from June 20, 2003 until April 22, 2004, the day after the Texas Court of Criminal Appeals denied Mathis's motion for reconsideration of its denial of his second state petition. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) ("Applying the plain language of the statute, we hold that a state petition for habeas relief is 'pending' for AEDPA tolling purposes on the day it is filed through (and including) the day it is resolved.").

But Mathis filed the state petition on June 20, 2003, the last day of the AEDPA limitations period for his *Atkins* claim. He thus had only one day left in his AEDPA limitations period, making his successive federal petition raising an *Atkins* claim due on April 23, 2004. Instead, Mathis's successive federal petition currently before us was filed well past the deadline. Accordingly, the

16

successive federal petition is time-barred unless Mathis can establish that he is entitled to equitable tolling.

## B.  Equitable Tolling

Mathis argues that, even if his successive petition is untimely, the district court erred when it denied equitable tolling to his *Atkins* claim, because (1) it failed to consider his dilemma created by the Texas two-forum rule and (2) he should be entitled to equitable tolling based upon his mental retardation.[13] The district court's decision regarding equitable tolling of AEDPA's statute of limitations is reviewed for abuse of discretion. *Stone v. Thaler*, — F.3d —, 2010 WL 3034809, at *1  (5th Cir. Aug. 5, 2010).[14]  Nonetheless, "[w]e must be cautious not to apply the statute of limitations too harshly." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Recently, the Supreme Court confirmed the holding of this and other circuits that AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida*, 130 S. Ct. 2549, 2561 (2010).  A habeas petitioner is entitled to equitable tolling only if he shows "'(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace*, 544 U.S. at 418). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*,  294 F.3d 626, 629 (5th Cir. 2002).

### 1.  Diligence

---

[13] Mathis argued to the district court that he was unable to pursue his *Atkins* claim in state court because Texas did not appoint him an attorney immediately after *Atkins* was decided.  He does not raise this argument on appeal.

[14] *But see Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (noting that de novo review applies where district court denies equitable tolling as a matter of law).

No. 08-70021

We have stated that "'[e]quity is not intended for those who sleep on their rights.'" *In re Wilson*, 442 F.3d at 875 (quoting *Fisher*, 174 F.3d at 715). The diligence required for equitable tolling purposes, however, is "'reasonable diligence,' not 'maximum feasible diligence.'" *Holland*, 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) and *Starns*, 524 F.3d at 618).

Based on our review of the record, Mathis exhibited a pattern of diligently pursuing his rights in state and federal court, despite procedural difficulties. Mathis filed his first federal habeas petition in an attempt to pursue relief on his exhausted claims in April 2003. In June 2003, his appointed federal counsel filed the second state habeas application asserting *Atkins*, even though it was ultimately futile because of the Texas two-forum rule. When the two-forum rule was modified in *Soffar*, Mathis immediately acted to preserve his state *Atkins* claim by requesting a stay and abeyance from the district court. Mathis not only continued to pursue relief from the district court, by filing motions for reconsideration and appealing the denial thereof, he also moved—albeit unsuccessfully—for reconsideration in the Texas state court of the denial of his second state habeas petition. Once the state issued an order of execution in January 2005, Mathis's focus shifted to staying the execution. As soon as his motion to stay execution was denied, Mathis filed his third state petition including his *Atkins* claim in April 2005, just days before his scheduled execution. When the third state application was denied on the merits, Mathis filed his motion for authorization with this court within one week of the state court's order of denial. He also filed his successive federal petition within two days of this court's grant of authorization.

Far from sleeping on his rights, Mathis sought relief in multiple tribunals in an effort to raise his *Atkins* claim. Under the circumstances, Mathis's actions were more than reasonably diligent. *See Holland*, 130 S. Ct. at 2562.

18

No. 08-70021

*2. Extraordinary Circumstances*

Although Mathis makes colorable arguments to demonstrate diligence, he must also show "that some extraordinary circumstance stood in his way and prevented timely filing." *Id.*

"The doctrine of equitable tolling is applied restrictively and, as we have held repeatedly, is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d at 875 (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)).[15]

Mathis argues that the Texas two-forum rule presents the "rare and exceptional circumstance" sufficient to warrant equitable tolling. We have addressed this argument in a similar context. *See, e.g.*, *In re Wilson*, 442 F.3d at 875–78; *In re Hearn*, 376 F.3d 447, 455–57 (5th Cir. 2004). In *In re Wilson*, Wilson's initial federal habeas proceeding was still pending before this court, which prevented him from timely filing his subsequent state habeas petition to exhaust his *Atkins* claim. 442 F.3d at 874. We considered his untimely successive habeas application and concluded that "the Texas two-forum rule reasonably caused [Wilson] to delay filing a state habeas [petition] leaving himself only one day after the state court ruling to obtain authorization and file

---

[15] We have applied equitable tolling where the district court has done something to mislead the petitioner into believing that his petition is due after the limitations period has expired. *Compare Prieto v. Quarterman*, 456 F.3d 511, 514–15 (5th Cir. 2006) (equitable tolling applied where petitioner requested and received extension of time from district court before deadline to file habeas petition and relied in good faith on that extension) *and United States v. Patterson*, 211 F.3d 927, 931–32 (5th Cir. 2000) (applying equitable tolling where district court granted *pro se* prisoner's request to dismiss petition without prejudice so that prisoner could retain counsel and refile petition later), with *Fierro*, 294 F.3d at 682–84 (refusing to apply equitable tolling where district court issued scheduling order at government's request setting deadline for habeas petition outside limitations period, because the scheduling order was requested and issued after the limitations period had expired and thus neither the request nor the order could have contributed to Fierro's failure to file within the limitations period). Mathis has presented no evidence here that he was somehow misled by the representations of the district court or of this court.

a federal habeas petition." *Id.* at 878. We therefore held that Wilson demonstrated "rare and extraordinary circumstances that justify equitable tolling of the limitations period." *Id.* And in *In re Hearn*, we considered an untimely successive habeas application brought by a *pro se* prisoner whose counsel had withdrawn representation upon denial of his first federal habeas petition. 376 F.3d at 454. We concluded that Texas's habeas abstention procedure *and* the unavailability of qualified habeas counsel after the disposition of his initial petition denied Hearn an opportunity to sufficiently investigate his *Atkins* claim. *Id.* Accordingly, we held that equitable tolling was appropriate. *Id.* at 456–57.[16]

In both cases, the procedural posture and some other circumstance outside the petitioner's control, in addition to the Texas two-forum rule, warranted equitable tolling. Wilson and Hearn's initial federal habeas petitions were either filed or pending appeal when *Atkins* was decided; the *Atkins* claim could not be raised before or during federal review; and each petitioner would be faced with procedural hurdles to raising the claim subsequently in state or federal court. In contrast, *Atkins* was decided nine months before Mathis filed his first federal habeas petition. While the Texas two-forum rule heavily influenced Mathis's litigation strategy, it did not present the same "Hobson's choice" as present in *Wilson* and *Hearn*. 442 F.3d at 878.

Instead, Mathis's case is similar to *In re Lewis*, where the petitioner waited until the last day of the one-year limitations period to file his successive habeas application in federal court. 484 F.3d 793, 795 (5th Cir. 2007). Lewis then argued that the Texas two-forum rule precluded him from timely filing his

---

[16] On petition for rehearing, we limited our opinion to cases in which the petitioner lacks counsel, but reiterated that equitable tolling applied "because of the combination of the problem created by the Texas two-forum rule . . . *and* the withdrawal of petitioner's counsel." *In re Hearn*, 389 F.3d 122, 123 (5th Cir. 2004) (emphasis added).

federal petition raising an *Atkins* claim. *Id.* at 797. We concluded that while the Texas two-forum rule "temporarily postponed" Lewis's ability to file his *Atkins* claim in state court, it did not prevent him from filing his *Atkins* claim in state court within the one-year period. *Id.* at 797–98. As with Lewis, the Texas two-forum rule did not prevent Mathis from pursuing habeas relief on his *Atkins* claim within the statute of limitations. *Atkins* was available to Mathis for nine months before he pursued the claim in state court. Based on the facts of Mathis's case, the Texas two-forum rule does not present the rare and extraordinary circumstance sufficient to warrant equitable tolling.

Accordingly, we hold that Mathis is not entitled to equitable tolling, and the district court did not abuse its discretion in refusing to grant equitable tolling.

## IV. CONCLUSION

We hold that Mathis's successive federal habeas petition did not meet the standard under 28 U.S.C. § 2244(b)(2)(A) and therefore must be dismissed. Even if the petition met the standard, we hold that the petition was time-barred under AEDPA's statute of limitations, and the district court did not abuse its discretion when it denied equitable tolling.

AFFIRMED.