# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11374

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2016

Lyle W. Cayce
Clerk

In re:  DAVID LEONARD WOOD,

      Movant

---

Application for Leave to File a Second or Successive Habeas Corpus Petition,
28 U.S.C. § 2244(b)

---

Before HIGGINBOTHAM, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

David Leonard Wood, a death-row prisoner, contends that he is intellectually disabled and therefore is constitutionally ineligible for the death penalty under *Atkins v. Virginia,* 536 U.S. 304 (2002).[1]  He has filed with this court a motion for authorization to file a successive federal habeas corpus petition asserting his *Atkins* claim.  Because we find that Wood's *Atkins* claim was previously available to him within the meaning of 28 U.S.C. § 2244(b)(2)(A), his motion for authorization is DENIED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Wood uses the term "intellectual disability" instead of "mental retardation," and we use that term here as well.  *See Hall v. Florida,* 134 S. Ct. 1986, 1990 (2014) (using the term "intellectual disability"); Rosa's Law, Pub.L. No. 111–256 (Oct. 5, 2010) (mandating the use of the phrase "intellectual disability" in place of "mental retardation" in all federal enactments and regulations).

No. 14-11374

I

In 1992, Wood was convicted of murder and sentenced to death. Wood appealed the conviction to the Texas Court of Criminal Appeals (CCA), which affirmed his conviction and sentence. *Wood v. State*, No. 71,594 (Tex.Crim.App. Dec. 13, 1995). Wood filed a state application for writ of habeas corpus on December 19, 1997, alleging that (1) his indictment was constitutionally defective, (2) trial and appellate counsel were ineffective for failing to object to the alleged defects in the indictment, and (3) the trial court erred in admitting evidence of an extraneous offense. The CCA denied relief in 2001. *Ex Parte Wood*, No. 45,746-01 (Tex.Crim.App. Sept. 19, 2001).

After his state habeas petition was denied, Wood was appointed federal habeas counsel. On May 6, 2002, Wood filed an initial federal petition for writ of habeas corpus; he filed an amended petition on October 2, 2002. In his amended petition, he raised all three of his previously exhausted claims as well as several dozen unexhausted claims. *Atkins* was decided on June 20, 2002, after the filing of Wood's original federal petition but before the filing of the amended federal petition on October 2, 2002; however, Wood did not raise an *Atkins* claim in the amended petition, nor did he seek to amend the petition a second time to include an *Atkins* claim. The district court denied each claim on the merits and subsequently denied a certificate of appealability (COA). *Wood v. Dretke*, 2006 WL 1519969 (N.D.Tex. Jun. 2, 2006). Wood filed a notice of appeal and applied to this court for a COA. In 2007, this court denied his application for a COA. *Wood v. Quarterman*, 503 F.3d 408 (5th Cir. 2007). The Supreme Court denied certiorari on April 14, 2008. *Wood v. Quarterman*, 552 U.S. 1341 (2008). Shortly thereafter Wood's habeas counsel withdrew, and his execution was set for August 20, 2009.

Wood then obtained pro bono counsel, who obtained a stay of execution and conducted an expedited investigation into an *Atkins* claim. As a result of

No. 14-11374

the investigation, Wood filed a successive habeas application in state court raising an *Atkins* claim. The state court held an *Atkins* hearing in October 2011. On October 1, 2013, the state court found that Wood was not intellectually disabled and denied his habeas application. The CCA affirmed in November 2014, and Wood moved for authorization to file a successive federal habeas petition on January 5, 2015.

## II

Because Wood has previously filed a federal habeas petition, he must receive authorization from this court before he may file another. 28 U.S.C. § 2244(b)(3)(A). Before this court can grant such authorization, Wood must make a prima facie showing that he satisfies the statutory prerequisites for a successive habeas petition. *In re Campbell*, 750 F.3d 523, 530 (5th Cir. 2014). In *Campbell*, the court set forth the appropriate level of analysis:

> Our court has adopted the following definition of prima facie showing: We understand it to be simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirement for the filing of a second or successive petition, we shall grant the application.

*Id.* at 530 (internal quotations and citations omitted). In other words, this court should not, at this stage, rule on the merits, but merely determine whether Wood's claim deserves further exploration by the district court.

Wood asserts that his successive petition falls within the exception of § 2244(b)(2)(A) for claims based on a new rule of constitutional law. In order to receive authorization, he must therefore first make a prima facie showing that his *Atkins* claim was "not presented" in his previous federal habeas petition. 28 U.S.C. § 2244(b)(1). Second, he must make a prima facie showing that his claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

3

unavailable" at the time he filed his first federal habeas petition. 28 U.S.C. § 2244(b)(2)(A); *Mathis v. Thaler*, 616 F.3d 461, 467 (5th Cir. 2010). Third, he "must make a prima facie showing that he 'should be categorized as '[intellectually disabled]' within the understanding of *Atkins*.'" *Id*. (quoting *In Campbell*, 82 Fed. App'x 349, 350 (5th Cir. 2003)). Finally, this court must determine whether Wood's claim is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

As previously mentioned, there is no question here that Wood's first petition did not present an *Atkins* claim. And it is undisputed that *Atkins* created a new rule of law, "i.e., that the intellectually disabled are categorically ineligible for the death penalty," that is retroactive to cases on collateral review. *Campbell*, 750 F.3d at 530. However, in order to obtain authorization for a successive habeas petition, Wood must also make a prima facie showing that his *Atkins* claim was previously unavailable, that he is intellectual disabled, and that his claim is not barred by the statute of limitations. Wood cannot make the requisite showing with respect to previous unavailability. As a result, we do not reach the remaining issues.

This court has apparently not directly ruled on whether a rule was "available" if, as in Wood's case, it was announced while a defendant's first federal habeas petition was pending. In *Leal Garcia v. Quarterman*, 573 F.3d 214, 223 (5th Cir. 2009), the court suggested that a new constitutional rule that was announced while a petition was pending might, under certain circumstances, be considered to have been "previously available." However, the court ultimately declined to rule on the issue, and, in a footnote, acknowledged that "other courts have considered the fact that a new claim arose during the pendency of a petitioner's first petition relevant, but not determinative, of whether his later habeas petition was successive." *Id*. at n.47. Indeed, it appears that every court that has been faced with this issue

has declined to adopt a categorical rule. For example, the Eleventh Circuit has created a standard that takes into account the particular circumstances of the previous habeas proceeding: "[i]f the new rule was announced while the original § 2254 petition was pending the applicant must demonstrate that it was not feasible to amend his or her pending petition to include the new claim." *In re Everett*, 797 F.3d 1282, 1288 (11th Cir. 2015) (citing *In re Hill*, 113 F.3d 181, 182-84 (11th Cir. 1997)). Similarly, in *Davis v. Norris*, 423 F.3d 868, 879 (8th Cir. 2005), the Eighth Circuit held that the petitioner's *Atkins* claim was previously available only after it determined, based on the record before it, that "he could have raised the issue while he was litigating his habeas petition in the district court."

We agree with the Eleventh Circuit and adopt the feasibility standard. Under this test, Wood has not made a prima facie showing of previous unavailability. Wood argues that had he amended his petition to include an *Atkins* claim without first exhausting that claim in state court, his federal petition would have included both exhausted and unexhausted claims; therefore, his entire petition would have been dismissed without prejudice. *Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[A] district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). This dismissal would have jeopardized his exhausted claims, which would no longer have been protected by the tolling provisions of § 2244(d)(2). Additionally, he contends that he could not have sought a stay and abeyance in federal court to preserve his exhausted claims while he brought his *Atkins* claim in state court because of Texas's "two-forum rule." Because these assertions overlook relevant changes in federal and state law, they are not sufficient to demonstrate that the claim was previously unavailable.

Until 2004, "the Texas Court of Criminal Appeals dismissed any state habeas application without prejudice if the applicant had a parallel application

arising from the same conviction pending in federal court, even if the federal court stayed its own proceeding." *Mathis v. Thaler*, 616 F.3d 461, 468 (5th Cir. 2010). Wood is correct that this "two-forum rule" would have "prevented [him] from lodging a mixed petition in federal court and simultaneously returning to state court, or having a federal court hold a petition in abeyance while further state court remedies were sought." *In re Hearn (Hearn I)*, 376 F.3d 447, 456 (5th Cir.), *decision clarified on other grounds on denial of reh'g by In re Hearn (Hearn II)*, 389 F.3d 122 (2004). However, on February 11, 2004, the CCA effectively abrogated the two-forum rule by agreeing to consider the merits of a subsequent state petition where the federal court with jurisdiction over the parallel petition enters an order "staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies." *Ex parte Soffar*, 143 S.W.3d 804, 807 (Tex. Crim. App. 2004). And on March 30, 2005, the Supreme Court held that district courts have discretion to stay and abey habeas proceedings in situations where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. at 278.

The district court did not rule on Wood's initial federal habeas petition until April 4, 2006.[2] Between the Supreme Court's announcement of *Rhines* on March 30, 2005, and the district court's ruling on April 4, 2006, Wood had more than a year in which to seek amendment of his federal petition, stay of federal proceedings, and the pursuit of his *Atkins* claim in state court. And in fact Wood did seek, unsuccessfully, to stay federal proceedings so that he could

---

[2] The district court entered an order denying Wood's petition on April 4, 2006; however, several of his claims were dismissed without prejudice. The state filed a motion to amend the judgment, seeking that all grounds for relief be dismissed with prejudice, and on June 2, 2006, the district court granted the state's motion and amended the judgment.

No. 14-11374

return to state court to litigate claims other than an *Atkins* claim: on May 19, 2006, in response to the state's motion to amend the judgment to dismiss all of the claims with prejudice, Wood filed a request for stay and abeyance so that he could return to state court to exhaust his previously unexhausted claims.[3] Wood has not demonstrated that his representation in the initial federal habeas proceedings was so deficient as to render the *Atkins* claim functionally unavailable; nor has he given any other explanation that could excuse his failure to amend his petition to include an *Atkins* claim and seek a stay and abeyance thereof.

*Atkins* was not available to Wood as soon as it was decided. However, *Soffar* and *Rhines* lifted the procedural barrier that made the *Atkins* rule inaccessible, and Wood has not alleged any other circumstances that made amendment of his complaint unfeasible between March 30, 2005, and April 4, 2006. He has thus not made a prima facie showing of unavailability. *See, e.g.*, *In re Everett*, 797 F.3d at 1288; *Felker v. Turpin*, 83 F.3d 1303, 1306 (11th Cir. 1996) (rejecting an attempt to include a claim in a successive habeas petition based in part upon the petitioner's failure to seek amendment of a petition that was pending when the particular Supreme Court decision relied upon was issued).

## III

Because Wood theoretically had more than a year in which he could have sought to amend his initial habeas petition to include his *Atkins* claim, stay federal proceedings, and return to state court to exhaust it, it does not appear reasonably likely that his application satisfies the stringent requirement for the filing of a successive habeas petition. *See Campbell*, 750 F.3d at 530. His

---

[3] This request was denied because the district court determined that Wood had failed to establish good cause for his failure to exhaust. Memorandum Opinion and Order, *Wood v. Dretke*, No. 3:01-cv-02103-L, *4 (June 2, 2006).

## No. 14-11374

motion for authorization to file a successive habeas petition is therefore DENIED.