# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

Lyle W. Cayce
Clerk

No. 20-10843
Summary Calendar

PRISCILLA A. ELLIS,

*Petitioner—Appellant*,

*versus*

MICHAEL CARR, *Warden*, *FMC-Carswell*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CV-1065

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Priscilla A. Ellis, federal prisoner # 03260180, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of her Federal Rule of Civil Procedure 60(b)(6) motion following dismissal of her 28 U.S.C. § 2241 habeas corpus petition. *See* 28 U.S.C. § 1915(a)(1);

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Fed. R. App. P. 24(a). The district court determined that Ellis was financially able to pay the filing fee, and it denied her request for leave to proceed IFP on appeal on that basis.

To proceed IFP, Ellis must demonstrate financial eligibility and the existence of a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). A nonfrivolous issue "involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If Ellis fails to show that her appeal will involve a nonfrivolous issue, we may deny her IFP motion and sua sponte dismiss her appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5th Cir. R. 42.2.

Although Ellis appeals the district court's denial of her Rule 60(b) motion, she has failed to brief, and has thereby abandoned, any appellate challenge to the district court's order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Ellis has failed to raise a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. This appeal is therefore DISMISSED as frivolous, and her motions for leave to proceed IFP on appeal, for appointment of counsel, for hearing en banc, and for reconsideration of the denial of her motion for leave to file exhibits are DENIED. *See* 5th Cir. R. 42.2; *see also Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008).

In light of the dismissal of the instant appeal as frivolous and the two previous motions Ellis filed raising similar claims as the claims raised in the underlying § 2241 petition, Ellis is WARNED that the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction.