IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,324






Ex parte CHARLES RAY BLACKLOCK, Applicant





ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM HARRIS COUNTY





 JOHNSON, J., delivered the opinion for a unanimous Court.


O P I N I O N



 Applicant, pro se, filed an application for writ of habeas corpus with the Harris County
District Clerk, but within that pre-printed writ-application form, applicant failed to satisfy the
requirements of Tex. R. App. P. 73.1 that he specify any grounds for relief and factual allegations.
Also included within the writ application is a two-page handwritten letter "To The Honorable
Judge," in which applicant complains that the Harris County trial judge was biased against him in
revoking his probation, in ordering him transferred to the Texas Department of Criminal Justice for
10 years, and for requesting and recommending to the Denton County District Attorney that his
Denton County probation be revoked based upon "Harris County's attempt to revok[e] [his] other
probation on a case that was actually dismissed in Harris County."

 Rule 73.1(a) mandates the use of the prescribed form for an application for post-conviction
habeas corpus relief in a non-capital felony case. Rule 73.1(c) states that the applicant must provide
all information required by the form, "specify all grounds for relief," and "set forth in summary
fashion the facts supporting each ground." Requiring an applicant to state with specificity the
grounds for relief, and to include a concise factual recitation in support of those grounds, provides
an opportunity for an applicant to present his case and permits the judge of the convicting court and
this Court to efficiently and fully address the applicant's claims. Reading those two subsections
together, Rule 73.1 requires an applicant to state the grounds for relief and the supporting facts on
the prescribed form. Applicant did not complete the portions of the application form that require a
list of the grounds for relief and the supporting facts.

 Tex. R. App. P. 73.2 provides procedures for the handling of writ applications that are not
in compliance with Rule 73.1. Specifically, Rule 73.2 authorizes the clerk of the convicting court
and the clerk of our Court to return such a non-compliant writ application to the applicant without
filing it. Tex. R. App. P. 73.4 provides that we may deny relief based upon our own review of an
application or "may issue such other instructions or orders as may be appropriate."

 Based on the facts of this case, we find that dismissal of applicant's writ application is
appropriate. Although applicant has submitted his writ application on the required form, the form
was not filled out as required by the appellate rules in that the sections of the form that require a list
of the grounds for relief and the supporting facts were not completed. We are mindful of the
provisions in Rule 73.1(c) that permit an applicant to include legal citations and arguments in a
separate memorandum, and applicant's handwritten letter may indeed qualify as such a separate
memorandum. However the rules do not permit such a memorandum to substitute for the required
specification of grounds for relief and facts supporting those grounds. Because applicant did not
complete the portions of the application form which require a list of the claimed grounds for relief
and the supporting facts, we dismiss applicant's application for writ of habeas corpus as non-compliant.

 

Delivered: May 10, 2006

Publish