# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10495
Summary Calendar

SAMUEL JOHN MAJOR DAVIS

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-203

Before REAVLEY, GARZA, and OWEN, Circuit Judges.

PER CURIAM:[*]

Samuel John Major Davis, Texas prisoner #1221760, is appealing the district court's dismissal of his 28 U.S.C. § 2254 habeas petition as time barred. Davis is seeking to challenge his conviction for sexual performance inducement of a minor.

Davis argues that the district court erred in dismissing his petition as time barred because his properly filed state postconviction application tolled the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

limitation period, rendering his federal petition timely filed. He further contends that equitable tolling should have applied because his application was accepted for filing by the state court clerk, and it was addressed by the state trial court.

Title 28 U.S.C.§ 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." An application is "filed" when delivered and accepted by a court official. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.*

At the time that Davis filed his state postconviction application in January 2006, TEX. R. APP. P. 73.1 provided that the application must specify all grounds for relief, and must set forth in summary fashion the facts supporting each ground. The information must be provided on the form itself. *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006).

Davis did not summarily state the basis for his claims on the habeas application form. Instead, he inserted forty typewritten pages stating his claims in great detail. His application was clearly not filed in conformity with TEX. R. APP. P. 73.1. Because it was not a "properly filed" state application under § 2244(d), it did not toll the limitation period. Thus, Davis has not demonstrated that the district court erred in not finding a basis for the statutory tolling of the limitation period. *Prieto v. Quarterman,* 456 F.3d 511, 514 (5th Cir. 2006).

To the extent that Davis argues that the clerk and the Texas Court of Criminal Appeals failed to comply with the state's procedural rules in returning his application, that issue does not raise a federal constitutional issue and therefore is not cognizable on § 2254 review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

To establish an entitlement to equitable tolling, the petitioner must show (1) that he pursued his habeas rights diligently and (2) some "'extraordinary circumstance'" prevented him from effecting a timely filing. *Howland v. Quarterman,* 507 F.3d 840, 845 (5th Cir. 2007)*, cert. denied,* 128 S. Ct. 2873 (2008). Long delays in receiving notice of state court action may warrant equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

However, the failure to pursue his legal rights with diligence was fatal to Davis' equitable tolling argument in its entirety. *See Howland*, 507 F.3d at 845. Davis was advised of the defects in his state application, and he was given two opportunities to correct the problem, one prior to the termination of the limitation period, which would have resulted in the tolling of the limitation period. Davis' failure to comply with the state's filing rules and his failure to take corrective action upon receipt of notice of the problem while time remained within the limitation period were the ultimate cause of his untimely filing. Such circumstances do not warrant equitable tolling. *See In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The district court did not abuse its discretion in refusing to apply the doctrine of equitable tolling. *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004).

Because the petition was correctly dismissed on a procedural basis, it is not necessary to review the merits of Davis' habeas claims challenging his conviction.

The dismissal of Davis's § 2254 habeas petition as time barred is AFFIRMED.