# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 1, 2011

No. 09-20093

Lyle W. Cayce
Clerk

BRAD ALLEN BROUSSARD,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeals from the United States District Court
for the Southern District of Texas
No. 4:08-cv-03002

Before KING, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brad Allen Broussard appeals the district court's judgment dismissing his federal habeas petition as time-barred. The district court concluded that Broussard's first state habeas application was not "properly filed" and thus did not toll the statute of limitations. We agree and affirm the district court's judgment dismissing Broussard's petition.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20093

## I. FACTUAL AND PROCEDURAL BACKGROUND

Brad Allen Broussard was convicted of aggravated robbery in a Texas state court and sentenced to 50 years' imprisonment. His conviction was affirmed on direct appeal on December 8, 2005. The Texas Court of Criminal Appeals (TCCA) denied his petition for discretionary review on June 28, 2006.

Broussard filed a state habeas application on July 5, 2007. In accordance with Texas procedure, Broussard filed his application in the court in which he was convicted. That court forwarded his application to the attorney for the state, the state responded to the application, and the convicting court entered findings of fact and conclusions of law on September 7, 2007. The convicting court then transmitted Broussard's application to the TCCA. On January 23, 2008, the TCCA dismissed Broussard's application, stating:

> Applicant contends, among other things, that the indictment was defective, that he was denied his right to challenge the composition of the grand jury, and that trial counsel was ineffective. Applicant also raises other grounds, but despite being typed, these grounds are not legible. Accordingly, we dismiss the application.

*Ex parte Broussard*, No. WR-69020-01, 2008 WL 217840, at *1 (Tex. Crim. App. Jan. 23, 2008). Broussard filed a motion for rehearing, arguing that the illegibility of his application was "due [to] the clerk of the convicting court transmitting a photo copy of the original application that the applicant filed with the convicting court." Broussard also filed a new state habeas application on February 25, 2008, which the TCCA denied without written order on September 10, 2008.

Broussard filed his federal habeas petition on September 24, 2008. The case was referred to a magistrate judge, who questioned the timeliness of Broussard's petition. The magistrate judge asked Broussard to "file a written statement within twenty (20) days of the entry of this Order, addressing the limitations bar and equitable tolling, if applicable." Broussard filed a statement

2

arguing that the limitations period was tolled from July 5, 2007 until the TCCA denied his second state habeas application on September 10, 2008. He did not argue that equitable tolling would apply to toll the statute of limitations. The district court determined that Broussard's first state habeas application did not toll the limitations period because it was not "properly filed." Thus, Broussard's federal habeas petition was untimely because it was filed after the expiration of the one-year statute of limitations.

We granted a certificate of appealability to address "whether, in view of the ambiguous wording of the Texas Court of Criminal Appeals's order denying Broussard's first state habeas application, the application was 'properly filed.'"

## II.  STANDARD OF REVIEW

"We review *de novo* the denial of a federal habeas petition on procedural grounds." *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (citations omitted).

## III.  DISCUSSION

Broussard's petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which provides a one-year statute of limitations for the filing of a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitations period in this case began to run on September 26, 2006, the last day Broussard could have filed a petition for a writ of certiorari in the United States Supreme Court on direct review. § 2244(d)(1)(A). Absent any tolling, the limitations period would have expired on September 26, 2007.

AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). The question we must decide is whether Broussard's first state habeas application was "properly filed" under § 2244(d)(2) such that it tolled the limitations period.

No. 09-20093

When Broussard filed his first state habeas application on July 5, 2007, 282 days of the limitations period had expired. If the application was properly filed, the limitations period was tolled during the pendency of that application. The limitations period began to run again on January 23, 2008, when Broussard's first application was dismissed. The period ran for 34 more days until it was tolled again on February 26, 2008, with the filing of Broussard's second state habeas application. When the TCCA denied Broussard's second application on September 10, 2008, 49 days remained in the limitations period. Broussard filed his federal habeas application 14 days later, on September 24, 2008. Thus, if the first state habeas petition tolled the limitations period, Broussard's petition was timely filed. However, if the first application was not properly filed and did not toll the limitations period, the statute of limitations expired on September 26, 2007, well before Broussard filed his second state habeas application in February 2008.

A state habeas application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural laws and rules "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted). Such requirements are often "conditions to filing," as opposed to requirements such as procedural bars that are "conditions to obtaining relief." *Id.* at 10. We look to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009).

Here, Texas's procedural rules require that a state habeas application "must be made in the form prescribed by the Court of Criminal Appeals," and the application "must be typewritten or handwritten legibly." Tex. R. App. P. 73.1(a), (c). Under Texas law, compliance with the requirements of Rule 73.1 is

a prerequisite to consideration of the merits of an applicant's claims. *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006). Therefore, compliance with the requirements is a "condition to filing" and not a "condition to obtaining relief." *See Artuz*, 531 U.S. at 10. The TCCA dismissed Broussard's application as illegible. We construe the TCCA's statement as dismissing Broussard's application for failing to follow the legibility requirement of Rule 73.1(c). The TCCA thus dismissed the application for failing to follow the state's procedural filing requirements. Although he filed his application in the convicting court, the TCCA makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application. *See* Tex. Code Crim. Proc. Ann. art. 11.07. Because compliance with procedural filing requirements is a matter of state law, we defer to the TCCA's determination that Broussard failed to follow the filing requirements. Therefore, Broussard's first state habeas application was not "properly filed" and did not toll the AEDPA statute of limitations.[1]

Nor may we apply equitable tolling to toll the statute of limitations for Broussard's first state habeas application. *See Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ("A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some

---

[1] There is some question whether the TCCA may have considered some of Broussard's claims on the merits because the TCCA was able to discern at least three of Broussard's stated grounds for relief. If that were the case, we might consider Broussard's application properly filed because it was "accorded some level of judicial review." *See Villegas v. Johnson*, 184 F.3d 467, 470 n.2 (5th Cir. 1999). However, TCCA's use of the term "dismiss" belies any notion that the court considered any of Broussard's claims on the merits. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claim's merits."); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) ("In Texas writ jurisprudence, usually a denial of relief rather than a 'dismissal' of the claim by the Court of Criminal Appeals disposes of the merits of a claim."). Furthermore, the TCCA stated that it was dismissing the entire application, not part of the application.

No. 09-20093

extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)).   Despite explicitly being asked by the magistrate judge to address equitable tolling, Broussard did not argue that equitable tolling should apply to toll the statute of limitations. And Broussard has not asked this court to apply equitable tolling.   Therefore, Broussard has waived any argument related to equitable tolling.   *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

## IV.   CONCLUSION

For the foregoing reasons, we AFFIRM the order of the district court dismissing Broussard's petition.