IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-76,292-02






EX PARTE EARL GONZALES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 173-03-CR IN THE 25TH DISTRICT COURT


FROM GONZALES COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of 
indecency with a child and three counts of aggravated sexual assault. He was sentenced to
imprisonment for twenty years on each indecency count and for thirty years on each aggravated
sexual assault count. The Thirteenth Court of Appeals affirmed his convictions. Gonzales v. State,
No. 13-05-00288-CR (Tex. App.-Corpus Christi-Edinburg June 29, 2006, pet. ref'd). 

 On August 24, 2011, we dismissed the -01 application because the facts in grounds three and
five were not set out on the prescribed form. See Ex parte Blacklock, 191 S.W.3d 718 (Tex. Crim.
App. 2006). In the present application, (1) Applicant contends, among other things, that appellate
counsel rendered ineffective assistance because counsel did not challenge the sufficiency of
evidence. Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Smith v. Robbins, 528 U.S. 259 (2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order
counsel to respond to Applicant's claim. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of appellate counsel
was deficient and, if so, whether Applicant was prejudiced. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 15, 2012

Do not publish

1. In its response, the State contends that this application is barred under Article 11.07, § 4
of the Code of Criminal Procedure. It also contends that this application is frivolous and
Applicant's good time should be forfeited. Tex. Gov't Code § 498.0045. Because we dismissed
the -01 application, there has not been a "final disposition of an initial application." Ex parte
Torres, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997). Nor are we persuaded that this application
is frivolous.