

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,442-01

### EX PARTE LUPE MARTINEZ III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-11-00225CRF-A IN THE 81ST DISTRICT COURT
### FROM FRIO COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). On October 23, 2014, Applicant pleaded no contest to possession of a controlled substance with the intent to deliver and was sentenced to seven years' imprisonment. He did not appeal his conviction.

After Applicant was convicted, trial counsel prepared a two-page handwritten application for a writ of habeas corpus. On November 12, 2015, the trial judge signed this application and wrote the following: "The writ is granted. The October 23, 2014 judgment is set aside and the parties returned to the position they were in prior to the plea." The State agreed to this and also signed the

application. On November 12, 2015, the trial judge also signed an order dismissing the charges in this cause. The Frio County District Clerk forwarded the handwritten application to this Court and later forwarded a supplemental application filed on the prescribed form for Article 11.07 applications. As we understand the record, Applicant filed this supplemental application because his initial one failed to comply with the Rules of Appellate Procedure. *See* TEX. R. APP. P. 73.1(a) ("*Prescribed Form*. An application filed under Article 11.07 must be on the form prescribed by the Court of Criminal Appeals").

We now dismiss this application for noncompliance. Applicant's third and fourth grounds in his supplemental application are not stated on the prescribed form. "Rule 73.1 requires an applicant to state the grounds for relief and the supporting facts on the prescribed form." *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006); *see also* TEX. R. APP. P. 73.1(c).

If Applicant intended to file his initial handwritten application under Article 11.07, as we understand the record, we remind the trial judge that only this Court has the authority to grant relief on an application for a writ of habeas corpus under Article 11.07. *See Ex parte Ybarra*, 629 S.W.2d 943, 946–47 (Tex. Crim. App. 1982) (Under Article 11.07 "[o]nly the Court of Criminal Appeals has the authority to grant relief as a result of post conviction writ of habeas corpus"). We also note that after final conviction in a felony case, other than one in which the death penalty is imposed, Article 11.07 is the exclusive procedure and "any other proceeding shall be void and of no force and effect in discharging the prisoner." TEX. CODE CRIM. PROC. art. 11.07, § 5. Therefore, the trial judge's order dismissing the charges in this cause was of no force in discharging Applicant.

This application is dismissed.

Filed: February 10, 2016
Do not publish