## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10306

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2020

Lyle W. Cayce
Clerk

JAMES CHRISTOPHER NORTH,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-189

Before HIGGINBOTHAM, JONES, and DUNCAN, Circuit Judges.

PER CURIAM:*

Appellant James North, a Texas state prisoner convicted of murder, seeks federal habeas relief under 28 U.S.C. § 2254. The district court dismissed North's habeas application on the merits without deciding whether it was barred by the statute of limitations. We granted a Certificate of Appealability on one of North's four claims. We now hold that North's application was time-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10306

barred and that he is not entitled to equitable tolling. The district court's judgment is affirmed.

## I.

A jury convicted Appellant James North of murder in 2011 after he shot and killed a man during a road-rage incident in Abilene, Texas.[1] North's conviction became final on December 16, 2014. On November 6, 2015, North filed a habeas corpus petition in state court raising four claims of ineffective assistance of counsel. On January 6, 2016, the Texas Court of Criminal Appeals ("TCCA") dismissed North's petition for failure to comply with Texas Rule of Appellate Procedure 73.1(f), which requires applicants to "include a certificate . . . stating the number of words in" their supporting memoranda.[2] On January 14, North filed a motion for reconsideration, which the TCCA denied on January 29. Meanwhile, on January 28, 2016, North filed a new state habeas petition raising the same arguments as the first. On September 21, 2016, the TCCA denied the second petition without written order.

Following the completion of state-court proceedings, North filed a counseled § 2254 petition in the federal district court on October 26, 2016. The district court denied the petition on the merits on March 2, 2018 without deciding whether it was timely filed. North appealed and moved for a Certificate of Appealability ("COA") on two of his four ineffective-assistance claims. This Court granted a COA on the sole issue of whether North was prejudiced by his trial attorneys' failure to object to an alternate juror's presence in the jury room during deliberations.

---

[1] *See North v. State*, No. 11-11-00338-CR, 2014 WL 272455, *1–2 (Tex. App.—Eastland Jan. 24, 2014, pet. ref'd) (unpublished).

[2] TEX. R. APP. P. 73.1(f).

2

No. 18-10306

## II.

On appeal from the dismissal of a § 2254 petition, we review the district court's findings of fact for clear error and its conclusions of law *de novo*, "applying the same standard of review to the state court's decision as the district court."[3] Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may not grant habeas relief unless the state-court judgment rejecting the petitioner's claims (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]

AEDPA imposes a one-year statute of limitations for filing a federal habeas petition, starting from the date a petitioner's conviction becomes final.[5] This one-year period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[6] In addition, the limitations period may be equitably tolled if the petitioner shows "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[7]

## III.

The State contends that North's § 2254 application is time-barred because it was filed more than one year after his conviction became final and does not meet the requirements for statutory or equitable tolling. In the State's

---

[3] *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001).

[4] 28 U.S.C. § 2254(d)(1)–(2).

[5] *Id.* § 2244(d)(1).

[6] *Id.* § 2244(d)(2); *see Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) (A state post-conviction application remains "pending . . . until the application has achieved final resolution through the State's post-conviction procedure.").

[7] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (internal quotation marks and alterations omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

view, North's first state-court habeas petition did not toll AEDPA's limitations period because it was not properly filed. Further, North is not entitled to equitable tolling because he failed to pursue his rights diligently and identifies no extraordinary circumstance that prevented him from timely filing.

North counters that his initial state habeas application was properly filed on November 6, 2015, and remained pending until September 21, 2016, thus tolling the limitations period for 320 days and making his federal application timely with five days to spare. North further argues that even if statutory tolling does not apply, he is entitled to equitable tolling because the state courts misled him into believing his application would be considered on the merits. Alternatively, North argues that equitable tolling should apply because his state habeas counsel was ineffective for failing to include the certificate of compliance required by Rule 73.1(f).

We agree with the State. It is uncontested that AEDPA's one-year statute of limitations began to run when North's conviction became final on December 16, 2014. North filed his federal petition 680 days later, long after the limitations period had expired. True, North's initial state-court petition was filed within the limitations period. However, it was not "*properly* filed" because it failed to comply with Texas Rule of Appellate Procedure 73.1's word-count requirement.[8] Thus, it did not toll the statute of limitations. As the Supreme Court has stated, a § 2254 application is properly filed only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including precise requirements for "the form of the document."[9] Accordingly, this Court has affirmed that "a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's

---

[8] 28 U.S.C. § 2244(d)(2) (emphasis added).

[9] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

4

applicable procedural filing requirements."[10] Indeed, we have specifically recognized that "compliance with the requirements of Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims."[11] Thus, a petition dismissed by the TCCA for noncompliance with Rule 73.1 is not properly filed and does not toll AEDPA's limitations period.[12] By the time North properly filed his second state habeas petition on January 28, 2016, well over a year had passed since his conviction became final.

North attempts to distinguish our precedents by arguing that his Rule 73.1 violation only pertained to the memorandum accompanying his application, not the habeas application itself. He cites no authority for drawing such a distinction. Moreover, by its own terms, Rule 73.1(f) applies to *all* "computer-generated memorand[a], including any additional memoranda" filed in support of a petition.[13] In any event, the Supreme Court has indicated—and this Court has held in an unpublished opinion—that even if a state court's grounds for dismissing a habeas petition as improperly filed are "debatable," the dismissal is nonetheless "dispositive."[14]

Even if we were to assume that North's first state application did toll the limitations period until it was dismissed on January 6, 2016 and, further, that statutory tolling commenced again with North's motion for reconsideration on January 14, 2016, his federal petition would *still* be three days late.[15] North's

---

[10] *Mathis*, 616 F.3d at 471 (quoting *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999)); *see Wilson v. Cain*, 564 F.3d 702, 704 (5th Cir. 2009).

[11] *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2011) (unpublished) (per curiam).

[12] *Id.*; *see also Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (unpublished) (per curiam) (holding that an application "not filed in conformity with [Rule] 73.1 . . . was not a 'properly filed' state application" and "did not toll the limitation period").

[13] TEX. R. APP. P. 73.1(f).

[14] *Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (unpublished) (per curiam) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002) and *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005)).

[15] North filed his federal application 680 days after his conviction became final. He argues that the limitations period was tolled from the filing of his first state habeas

attempt to avoid this result with the further assumption that his first state application remained "pending" after the January 6 dismissal is unsupported by any authority.

Because North's claim for statutory tolling fails, his only hope is equitable tolling. Here, too, his arguments are unavailing. Equitable tolling is available only where the petitioner can show "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[16] First, North's eleven-month delay in filing his initial state application weighs against a finding of diligence.[17] Second and more importantly, North cannot point to any "extraordinary circumstance" that prevented timely filing.[18]

This Court has recognized that "extraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment."[19] North argues that the state trial court and the TCCA misled him to believe "that his state habeas application would be considered on the merits"—the trial court by declining to decide on timeliness grounds, and the TCCA by its inconsistent application of Rule 73.1. Because the TCCA sometimes exercises jurisdiction despite Rule 73.1 deficiencies, North argues, it "lulled [him] into inaction" by permitting

---

application on November 6, 2015 to the dismissal of his second state habeas application on September 21, 2016, a period of 320 days. This overlooks the period between the dismissal of his first application on January 6, 2016 and the filing of his second application on January 28, 2016, a period of 22 days. That reduces the tolling to 298 days, and 680 – 298 = 382 days (17 days late). Reducing the gap from 22 days to 8 days by crediting the motion for reconsideration yields 312 days of tolling, and 680 – 312 = 368 (3 days late).

[16] *Mathis*, 616 F.3d at 474 (internal quotation marks and alterations omitted).

[17] *See, e.g.*, *Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where, *inter alia*, the petitioner had waited seven months to file his state application).

[18] *See Mathis*, 616 F.3d at 474–75.

[19] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (citing *United States v. Patterson*, 211 F.3d 927, 931–32 (5th Cir. 2000)).

him to draw the assumption that a filing error would not result in dismissal.[20] Even assuming that incorrect representations of a state habeas court, rather than a federal district court, can excuse a habeas petitioner's late filing, North's claim fails because he identifies no incorrect statement by any court on which he might have relied. The trial court was at liberty to decide on the merits rather than on limitations grounds,[21] and dismissals by the TCCA for violations of Rule 73.1, if not universal, are at least routine.[22]

Essentially, North's argument is that an improperly filed state habeas application tolls the limitations period unless and until the state court notifies the petitioner of the filing deficiency. This view would write the "properly filed" condition out of the statute and run afoul of Supreme Court precedent stressing that petitioners must satisfy both the "pending" and "properly filed" requirements.[23] Indeed, this Court has held that even "if a state court mistakenly accepts and considers the merits of a state habeas application in violation of its own procedural filing requirements . . . , that habeas application is not 'properly filed.'"[24]

---

[20] *See Ex parte Dotson*, No. WR–84,802–01, 2016 WL 1719367, at *1 n.1 (Tex. Crim. App. Apr. 27, 2016) (unpublished) (per curiam) ("[T]his application does not comply with . . . TEX. R. APP. P. 73.1(f). However, because the record in this case is clear, we will exercise our jurisdiction and grant relief.").

[21] *Saffold*, 536 U.S. at 225–26 ("A court will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief.").

[22] *See, e.g.*, *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006) (dismissing a habeas application because "the form was not filled out as required by the appellate rules," specifically Rule 73.1(c)); *see also Dittman v. Davis*, No. 3:16-cv-2339-C-BN, 2017 WL 4535286, at *3 (N.D. Tex. Sept. 21, 2017) (quoting *Broussard*, 414 F. App'x at 688) ("Even if the state trial court (or the convicting court) considers the merits of the state-habeas petition, the CCA may still dismiss that petition under Rule 73.1 . . . , as the CCA 'makes the final decision whether the application complies with all filing requirements and whether to grant or deny the application.'").

[23] *See Artuz*, 531 U.S. at 9.

[24] *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004).

No. 18-10306

Nor is North entitled to equitable tolling on the ground that his state habeas counsel was ineffective for failing to include the certificate of compliance required by Rule 73.1(f). As the Supreme Court has explained, only "abandonment" by counsel, not mere "attorney negligence" or "attorney error," can support equitable tolling.[25] North's allegation is but a "'garden variety claim of excusable neglect' [that] does not warrant equitable tolling."[26]

## IV.

In sum, North's federal habeas application is time-barred. Whereas the district court dismissed North's application on its merits without considering timeliness, we reach the same conclusion on timeliness grounds without addressing the merits. The judgment of the district court is affirmed.

---

[25] *Maples v. Thomas*, 565 U.S. 266, 282 (2012).

[26] *Holland*, 560 U.S. at 651–52 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).