# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 20-40663

In re: Blaine Keith Milam,

*Movant.*

---

Motion for an Order Authorizing
the United States District Court
for the Eastern District of Texas
to Consider a Successive 28 U.S.C. § 2244 Motion

---

Before Elrod, Graves, and Higginson, *Circuit Judges.*

Per Curiam:*

Blaine Keith Milam was convicted of capital murder and sentenced to death in 2010. After a decade of unsuccessful appeals and habeas proceedings, Milam now asks for authorization to file a successive federal habeas petition pursuant to 28 U.S.C. § 2244(b). For the reasons that follow, we DENY the motion to file a successive habeas petition.

## I.

In 2010, Blaine Keith Milam was convicted of capital murder of thirteen-month-old Amora Bain Carson and sentenced to death in Texas

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-40663

state court. On direct appeal, the Texas Court of Criminal Appeals ("CCA") affirmed Milam's conviction and sentence on May 23, 2012. *Milam v. State*, No. AP-76,379, 2012 WL 1868458 (Tex. Crim. App. May 23, 2012).

On April 1, 2013, Milam filed a state habeas petition, which the CCA denied on September 11, 2013. *Ex parte Milam*, No. WR-79,322-01, 2013 WL 4856200 (Tex. Crim. App. Sept. 11, 2013). On October 14, 2014, Milam filed a federal habeas petition in the Eastern District of Texas. The district court denied habeas relief on August 16, 2017. *Milam v. Director, TDCJ-CID*, No. 4:13-CV-545, 2017 WL 3537272 (E.D. Tex. Aug. 16, 2017). We declined to grant a Certificate of Appealability on May 10, 2018. *Milam v. Davis*, 733 F. App'x 781 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 335 (2018). Neither habeas petition included the claim that Milam was categorically ineligible from execution due to his intellectual disability.

On January 7, 2019, represented by new counsel, Milam filed a successive state habeas petition. A week later, the CCA stayed the execution "[b]ecause of recent changes in the science pertaining to bite mark comparisons and recent changes in the law pertaining to the issue of intellectual disability." *Ex parte Milam*, No. WR-79,322-02, 2019 WL 190209, at *1 (Tex. Crim. App. Jan. 14, 2019). On July 1, 2020, the CCA again denied habeas relief. *Ex parte Milam*, No. WR-79,322-02, 2020 WL 3635921 (Tex. Crim. App. July 1, 2020).

On October 2, 2020, Milam filed the instant motion to file a successive federal habeas petition raising the claim that he cannot be executed due to his intellectual disability pursuant to *Moore v. Texas*, 137 S. Ct. 1039 (2017), or alternatively, *Atkins v. Virginia*, 536 U.S. 304 (2002). His execution is scheduled for January 21, 2021.

## II.

We review a motion for the filing of a successive habeas petition to determine if the applicant makes a *prima facie* showing of satisfying the requirements of 28 U.S.C. § 2244. *See* 28 U.S.C. § 2244(b)(3)(C); *In re Johnson*, 935 F.3d 284, 291 (5th Cir. 2019). "A *prima facie* showing is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Johnson*, 935 F.3d at 291 (internal quotation marks and citations omitted). "If we determine that it appears reasonably likely that the motion and supporting documents indicate that the application meets the stringent requirement for the filing of a successive petition, then we must grant the filing." *In re Cathey*, 857 F.3d 221, 226–27 (5th Cir. 2017) (internal quotation marks and citation omitted).

A person in custody under a state-court judgment who moves to file a successive habeas petition in federal court must satisfy these requirements, as relevant here: (1) a claim presented in the second or successive habeas petition has not previously been presented in a prior application to this court, 28 U.S.C. § 2244(b)(1); (2) the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A); and (3) the claim has merit. *Johnson*, 935 F.3d at 291, 294; *Cathey*, 857 F.3d at 226. We must also determine whether the claim is barred by the statute of limitations. *See* 28 U.S.C. § 2244(d).

## III.

The State does not dispute the first element, that Milam's intellectual disability claim was not presented in his prior federal habeas petition. It does, however, dispute that his claim relies on a new rule of constitutional law that was previously unavailable and that his claim has merit. The State also argues that the claim is untimely.

We begin with whether Milam's claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). Milam asserts that his new claim relies on *Moore v. Texas*, 137 S. Ct. 1039 (2017), or alternatively, *Atkins v. Virginia*, 536 U.S. 304 (2002). *Atkins* categorically barred the execution of intellectually disabled persons pursuant to the Eighth Amendment, and *Moore* later denounced the CCA's reliance on the *Briseno* factors for evaluating an *Atkins* claim.

First, Milam argues that *Moore* is a new retroactive rule of constitutional law that was previously unavailable to him because it was published in March 2017, two and a half years after the filing of his federal habeas application (October 2014) and several months before its denial (August 2017). The State claims that *Moore* is not retroactively applied, citing to *Shoop v. Hill*, 139 S. Ct. 504, 508 (2019) (holding that *Moore* was not clearly established law for the purposes of deciding whether a state court, whose decision was reached before *Moore* was decided, had unreasonably applied established law to a habeas claim).

We have not definitively rejected or supported the contention that *Moore* is a new retroactive rule of constitutional law in the context of successive habeas petitions sought under 28 U.S.C. § 2244. We previously found the argument that a *Moore* claim supports a successive habeas petition to "contradict[]" *Shoop*, but we did not fully reject it. *In re Sparks*, 939 F.3d 630, 632 (2019) ("This contention contradicts the Court's holding in *Shoop* . . . . But even if we count *Moore* as the starting date for Sparks's realization that the former Texas guidelines for intellectual disability would not stymie his *Atkins* claim, the statutory time limit for asserting this claim is one year following *Moore*."). But in *Johnson*, we expressed that *Shoop* "concerned the relitigation bar of Section 2254(d)(1), and it did not overrule *Cathey*, which

concerned a *prima facie* showing under Section 2244." *Johnson*, 935 F.3d at 293.

Irrespective of whether *Moore* is a new retroactive rule of constitutional law, we are not convinced that *Moore* was previously unavailable to Milam. *Moore* was decided approximately four and a half months before Milam's federal habeas petition was denied. *Compare Moore* (issuing date of March 28, 2017), *with Milam*, 2017 WL 3537272 (issuing date of August 16, 2017); *see also In re Soliz*, 938 F.3d 200, 204 (5th Cir. 2019) (denying request to file successive habeas petition where court decision was published four months before denial of initial habeas application). Milam had the opportunity to seek amendment of his federal petition, stay federal proceedings, and exhaust his *Atkins* claim in state court after *Moore* was decided, but he failed to do so. *See In re Wood*, 648 F. App'x 388, 392 (5th Cir. 2016). The district court even acknowledged *Moore* when denying Milam's habeas petition, noting that "since the trial court instructed the jury on the three core elements of the definition of intellectual disability and none of the additional *Briseno* factors, the additional requirements criticized in *Moore* had no impact on the jury's decision nor on the State courts' various decisions." *Milam*, 2017 WL 3537272, at *13. Because a *Moore* claim was available to Milam during his initial federal habeas application, we conclude that *Moore* does not justify authorization to proceed in a second habeas application.

Alternatively, Milam argues that his intellectual disability claim meets the requirements of 28 U.S.C. § 2244(b)(2)(A) because *Atkins* is a new retroactive rule of constitutional law that was previously unavailable to him. We have authorized the filing of a successive habeas application where "an *Atkins* claim is possibly meritorious when it had not previously been," even when the first habeas petition was filed post-*Atkins*, due to significant changes in medical methodology for evaluating relevant disabilities and in

courts' recognition of those changes. *Johnson*, 935 F.3d at 294. We permitted filing in *Cathey* due to the recognition of the Flynn Effect (i.e., the inflation of IQ scores caused by certain reasons) and the Supreme Court's rejection of an IQ ceiling of 70 in *Hall v. Florida*, 572 U.S. 701 (2014). *See Cathey*, 857 F.3d at 227. We also permitted filing in *Johnson* because of the release of DSM-5, a new diagnostic manual for mental disorders recognizing that an individual with an IQ score over 70 may still qualify as intellectually disabled. *See Johnson*, 935 F.3d at 293.

Milam asserts that an *Atkins* claim was previously unavailable to him because *Moore* struck down the use of the *Briseno* factors under which his claim would have failed. While we do not foreclose the possibility that the barring of the *Briseno* factors might authorize a successive habeas petition, Milam has not demonstrated that it would not have been "feasible" for him to have raised an *Atkins* claim prior to *Moore*. Unlike Cathey and Johnson, who made a *prima facie* showing that they could not have been previously deemed intellectually disabled due to the courts' rigid reliance on their inaccurate IQ scores, Milam fails to establish that his *Atkins* claim was previously foreclosed. Two of his IQ scores were within the range of an intellectual disability finding (68 and 71 IQ scores on WAIS-IV). Milam also presented evidence at trial of adaptive deficits and the onset of these deficits while still a minor, and the jury did not consider the additional *Briseno* factors when unanimously agreeing that Milam did not prove his intellectual disability by a preponderance of the evidence. *Milam*, 2017 WL 3537272, at *13. He also had sufficient opportunity to amend his habeas petition to include an *Atkins* claim after *Moore* was decided, but failed to do so. *See Soliz*, 938 F.3d at 204. It appears that an *Atkins* claim was previously available and could have been pursued in prior habeas proceedings. We therefore decline to permit successive filing here.

No. 20-40663

## IV.

For the foregoing reasons, IT IS ORDERED that Milam's motion for authorization is DENIED. IT IS FURTHER ORDERED that Milam's motion to certify question of law to the Supreme Court of the United States is DENIED AS MOOT.