# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2022

Lyle W. Cayce
Clerk

No. 21-40767
Summary Calendar

Melvin Anderson,

*Petitioner—Appellant*,

*versus*

Charles Daniels, *Warden, USP Beaumont,*

*Respondent—Appellee*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:19-CV-530

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Melvin Anderson, federal prisoner # 82106-020, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he sought to challenge the decision of the United States Parole Commission (USPC) to deny him parole. He argues that the USPC did not issue a notice of action denying him parole and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

that the document in the record purporting to be a notice of action, dated June 12, 2019, is a fabrication. He also argues that he has satisfied the requirements of 18 U.S.C. § 4206(d) and that his prison disciplinary record is exaggerated and provided no grounds for denying him parole. He also moves this court for appointment of counsel and for leave to file exhibits to his reply brief as a supplemental brief.

"In an appeal from the denial of habeas relief, this court reviews a district court's findings of fact for clear error and issues of law de novo." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The USPC has broad discretion in making parole determinations, and this court's review of a parole decision is "quite circumscribed." *Van Etten v. United States Parole Comm'n*, 96 F.3d 145, 145 (5th Cir. 1996). Accordingly, this court reviews the decision only to determine whether there is some evidence in the record to support the USPC's decision." *Simpson v. Ortiz*, 995 F.2d 606, 608 (5th Cir. 1993); *see Van Etten*, 96 F.3d at 145.

Anderson's unsupported assertion that the notice of action contained in that file is fraudulent and that the Respondent failed to produce a certified copy of the document is belied by the record and is insufficient to show error in the district court's findings. *See Jeffers*, 253 F.3d at 830. Furthermore, there is evidence in the record to support the decision to deny Anderson parole. *See Simpson*, 995 F.2d at 608; *Van Etten*, 96 F.3d at 145. Therefore, Anderson has not shown any error in the district court's decision to dismiss his § 2241 petition on the motion of the Respondent.

Accordingly, we affirm the judgment. Anderson has not made the showing for appointment of counsel. *See Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008). Further, his motion to file a supplemental brief is unnecessary because the documents are part of the record.

AFFIRMED; MOTIONS DENIED.